## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STANLEY BOCLAIR, #A60451, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-02371-SMY |
| | ) | |
| ANGELA CRAIN, | ) | |
| KELLY PIERCE, | ) | |
| JEREMY BENNETT, | ) | |
| AMANDA CHOATE, | ) | |
| NURSE COUNCIL, | ) | |
| NURSE SUSAN, | ) | |
| NURSING STATION UNIT NURSE(S), | ) | |
| (July 18, 19, & 22, 2023), | ) | |
| REFERRAL CLERK (Scheduling), | ) | |
| KEVIN REICHERT, and | ) | |
| JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Stanley Boclair, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Hill Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights during his incarceration at Menard Correctional Center. Along with his Complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), seeking leave to proceed in this case without prepayment of the Court's usual $405.00 filing fee in a civil case (Doc. 2). The IFP motion was granted (Doc. 5) and Plaintiff has made payments totaling $17.92.

It recently came to the Court's attention that prior to filing this case, Plaintiff accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g) during his incarceration. The Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) and this Court's

electronic docket reveal that the following three cases were dismissed as frivolous or for failure to state a claim upon which relief may be granted, thus counting as "strikes:" *Bolair* [sic] *v. Page*, 99-cv-223-GPM (S.D. Ill. dismissed August 16, 1999 as frivolous)[1] (Docs. 5, 6); *Boclair v. Baldwin*, 17-cv-1422 (N.D. Ill. dismissed April 28, 2017) (Doc. 14); and *Boclair v. Baldwin*, 17-cv-2998 (N.D. Ill. dismissed June 19, 2017) (Doc. 6).

Pursuant to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment without prepayment of the fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff "struck out" under § 1915(g) before filing this case; he is therefore subject to the "three strikes" bar. Thus, Plaintiff may not proceed IFP in this case unless he satisfies the "imminent danger" provision.

"Imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). "Allegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed." *Id.* at 330.

Plaintiff suffers from severe arthritis and has no cartilage in his spinal column at the L4 vertebra (Doc. 1, p. 11). For nearly 12 years, he had been prescribed indomethacin (generic for Indocin) for pain management (Doc. 1, p. 16). Without this medication, Plaintiff suffered from crippling pain that made movement agonizing and prevented him from sleeping. *Id.* Plaintiff suffered pain for five months between July 2023 and late December 2023 without the

---

[1] Plaintiff's surname was misspelled on the Court's docket in 99-cv-223-GPM but it reflects his correct IDOC prisoner number.

indomethacin due to defendants' alleged deliberate indifference (Doc. 1, pp. 11, 38).   On December 26, 2023, a nurse practitioner refilled Plaintiff's Indocin for one year (Doc. 1, p. 38).

Plaintiff's Complaint, filed on October 28, 2024, does not suggest that he was in imminent danger of serious physical injury at that time.  The alleged harm occurred during the latter half of 2023 and was remedied when his pain prescription was refilled in December 2023.  As such, Plaintiff has not overcome the "three strikes" bar.

## DISPOSITION

Accordingly, the Court **REVOKES** Plaintiff's IFP status in this case as improvidently granted.  Plaintiff must pay the filing fee for this case in full if he wishes this lawsuit to proceed. Plaintiff is **ORDERED** to pay the remaining balance of the $405.00 filing fee for this action within **thirty (30) days** from entry of this Order (**on or before August 15, 2025**).  As of the date of this Order, Plaintiff's balance due is **$387.08**.

If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).  Additionally, payments will be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $405.00 fee is paid in full, as described in the Order at Doc. 5.

Plaintiff is reminded that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in a dismissal of this action for want of prosecution.

Finally, Plaintiff is **ADVISED** that if he seeks to proceed IFP in a future civil rights action while he is in prison, he must satisfy the imminent danger of serious physical injury requirement set forth in 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  July 16, 2025**

_**s/ Staci M. Yandle**_
**STACI M. YANDLE**
**United States District Judge**