IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STANLEY BOCLAIR, #A60451,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-02371-SMY |
| ) | |
| **ANGELA CRAIN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Now before the Court is Plaintiff Stanley Boclair's Motion to Reconsider the Court's order revoking his pauper status and directing him to pre-pay the full filing fee for this case to avoid dismissal (Doc. 18). Plaintiff's motion to proceed *in forma pauperis* ("IFP") was initially granted before the Court discovered he had "struck out" under 28 U.S.C. § 1915(g). The Court then extended the deadline for Plaintiff to submit full payment to September 15, 2025 (Doc. 17). Plaintiff did not pay the filing fee and instead filed the instant motion.

Plaintiff protests that the Court waited more than 25 years to impose the "strike" in question. That is incorrect. The strike was incurred on August 16, 1999 when *Bolair* [sic] *v. Page*, Case No. 99-cv-223-GPM (S.D. Ill.) was dismissed as frivolous and with prejudice (*See* Docs. 5, 6 in No. 99-cv-223). The Court's docket reflects, "Plaintiff advised that the dismissal of this action will count as one of his three allotted 'strikes' under the provisions of 28 U.S.C. Section 1915(g)." (Doc. 5). Due to the misspelling of Plaintiff's surname on the docket of Case No. 99-cv-223-GPM, that strike was not initially attributed to Plaintiff at the time his IFP motion was granted in this case. But Plaintiff was clearly informed of it when the strike was incurred.

Plaintiff points out that even after he acquired two more strikes in 2017 in the Northern District of Illinois, he was permitted to proceed IFP in eight cases in this district. Had he disclosed his full litigation history including the strike in Case No. 99-cv-223-GPM, or if this Court had discovered the 1999 strike earlier, the outcome of his IFP applications in those cases may have been different.

The Court is required by statute to apply the provisions of 28 U.S.C. § 1915(g) to any prisoner who has accumulated three strikes from the dismissal of three or more previous lawsuits on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Strikes do not expire from the passage of time. Because Plaintiff has not demonstrated he faced imminent danger of serious physical injury at the time he filed this case, he does not qualify to proceed IFP (Doc. 15).

Plaintiff has presented no argument or authority demonstrating error in the decision to revoke his IFP status and require full pre-payment of the remainder of his filing fee, in accordance with 28 U.S.C. § 1915(g). The motion (Doc. 18) is therefore **DENIED**. Plaintiff may avoid dismissal of this case only by making full payment of the remaining balance of his filing fee (presently $384.28) on or before **March 10, 2026**.

**IT IS SO ORDERED.**

DATED:  February 24, 2026

*s/ Staci M. Yandle*
STACI M. YANDLE
Chief U.S. District Judge