**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STANLEY BOCLAIR, #A60451,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-02371-SMY** |
| | ) | |
| **ANGELA CRAIN, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief Judge:**

This matter is before the Court for case management. Plaintiff was ordered to pay the remainder of his filing fee ($384.28) to avoid dismissal of this case (Docs. 15, 19). His payment deadline was extended to April 9, 2026 (Doc. 21). Plaintiff was warned that failure to pay the filing fee would result in dismissal of this case (Docs. 15, 19, 21). The deadline has come and gone, and Plaintiff has not paid the fee.

Accordingly, this action is **DISMISSED** with prejudice for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g). All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remaining filing fee of $384.28 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the remaining $384.28 filing fee from his

1

prison trust fund account if such funds are available.  If he does not have $384.28 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $405.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $405.00 fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Hill Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  April 24, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**